UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| STEPHEN M. DEANE,<br><br>Plaintiff,<br><br>v.<br><br>NANCY B. MARTHAKIS, et al.,<br><br>Defendants. | CAUSE NO. 3:24-CV-760-GSL-AZ |

OPINION AND ORDER

Stephen M. Deane, a prisoner proceeding without a lawyer, filed a complaint under 42 U.S.C. § 1983. (ECF 1.) Under 28 U.S.C. § 1915A, the court must screen the complaint to determine whether it states a claim for relief. To proceed beyond the pleading stage, a complaint must state a claim that is "plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim has facial plausibility when the plaintiff pleads factual content that "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Because Mr. Deane is proceeding without counsel, the court must give his allegations liberal construction. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

Mr. Deane is incarcerated at Indiana State Prison. According to the complaint and attachments, he is 72 years old and suffers from several chronic illnesses, including gout, hypertension, and high cholesterol. He alleges that for nearly a year he has been experiencing leg and abdominal pain which has gotten worse over time. As of August 2024 the pain in his legs extended "from feet to groin," and caused him to collapse one

day when he was walking back from the cafeteria. He claims that after many delays and complaints by him, prison medical providers Dr. Nancy B. Marthakis and Nurse Practitioner ("NP") Diane Thews finally ordered laboratory testing and imaging, which showed that he has a mid-abdominal aortic aneurysm.[1] (ECF 1-1 at 2.) He underwent additional imaging in August 2024, but claims the results have not been discussed with him nor a treatment plan developed to resolve the aneurysm. He also claims to have ongoing pain in his legs that is not being adequately treated with pain medication. He sues Dr. Marthakis, NP Thews, and Warden Ron Neal seeking monetary damages and injunctive relief.

Inmates are entitled to adequate medical care under the Eighth Amendment. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To state a claim, a prisoner must allege (1) he has an objectively seriously medical need and (2) the defendant acted with deliberate indifference to that medical need. *Id.* A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious even a lay person would recognize as needing medical attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). On the subjective prong, the prisoner must show that the defendant acted with deliberate indifference. *Estelle*, 429 U.S. at 104. This is a high standard. "[N]egligence, gross negligence, or even recklessness as the term is used in tort cases is

---

[1] The aorta is a "large artery of the elastic type that is the main trunk of the systemic arterial system, arising from the base of the left ventricle and ending at the left side of the body of the fourth lumbar vertebra[.]" STEDMANS MEDICAL DICTIONARY, *Aorta*. Aortic aneurysms are "weakened and bulging areas in the aorta, the body's main supplier of blood." *Black v. Long Term Disability Ins.*, 582 F.3d 738, 741 (7th Cir. 2009) (citation omitted).

not enough" to prove an Eighth Amendment violation. *Hildreth v. Butler*, 960 F.3d 420, 425–26 (7th Cir. 2020).

Additionally, inmates are "not entitled to demand specific care." *Walker v. Wexford Health Sources, Inc.*, 940 F.3d 954, 965 (7th Cir. 2019). Nor are they entitled to "the best care possible." *Forbes v. Edgar*, 112 F.3d 262, 267 (7th Cir. 1997). Rather, they are entitled to "reasonable measures to meet a substantial risk of serious harm." *Id*. Because there is no one right way to practice medicine in the prison setting, courts generally "defer to medical professionals' treatment decisions unless there is evidence that no minimally competent professional would have so responded under those circumstances." *Walker*, 940 F.3d at 965 (citation and internal quotation marks omitted). At the same time, a prisoner is not required to show that he was "literally ignored" by medical staff to establish deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010). "[I]nexplicable delay in responding to an inmate's serious medical condition can reflect deliberate indifference," particularly where "that delay exacerbates an inmate's medical condition or unnecessarily prolongs suffering." *Goodloe v. Sood*, 947 F.3d 1026, 1031 (7th Cir. 2020) (citations and internal quotation marks omitted). Persisting with a course of treatment known to be ineffective can also constitute deliberate indifference. *Berry v. Peterman*, 604 F.3d 435, 441 (7th Cir. 2010).

Giving Mr. Deane the inferences to which he is entitled at this stage, he plausibly alleges that he has a serious medical condition, namely, severe pain in his legs and a diagnosis of an aortic aneurysm. On the second prong, he claims that these problems have persisted for over a year and although he has been seen by the medical defendants

3

several times, they delayed in making a proper diagnosis, which prolonged his pain, and still have not developed a treatment plan to address these issues. He has plausibly alleged a deliberate indifference claim against the two medical providers.

As for the Warden, his only involvement as alleged in the complaint is that Mr. Deane wrote him a letter in early August 2024, "to notify him of the shortcomings of medical needs[.]" (ECF 1 at 5.) There is no respondeat superior liability under 42 U.S.C. § 1983, and the Warden cannot be held liable for damages simply because he oversees operations at the prison. *Mitchell v. Kallas*, 895 F.3d 492, 498 (7th Cir. 2018). Nor can he be held liable for damages simply because Mr. Deane wrote him a letter about his medical care. As the Seventh Circuit has explained:

> Public officials do not have a free-floating obligation to put things to rights . . . Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. . . . . [The plaintiff's] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of good medical care.

*Burks v. Raemisch*, 555 F.3d 592, 595 (7th Cir. 2009).

Additionally, it can be discerned from his allegations that after the date of his letter to the Warden, he was prescribed pain medication and underwent more diagnostic testing. Although he describes problems picking up his pain medication from the medical unit and a lack of communication by his providers about the test

4

results, the Warden cannot be held liable for the "misdeeds" of other prison staff. *Id.* The court cannot plausibly infer from his limited allegations that the Warden exhibited deliberate indifference toward his serious medical needs. He will not be permitted to proceed on a claim for damages against the Warden.

Nevertheless, the complaint also seeks injunctive relief related to his ongoing need for medical care. The Warden in his official capacity is a proper defendant for purposes of this claim. *See Gonzalez v. Feinerman*, 663 F.3d 311, 315 (7th Cir. 2011). Mr. Deane asks to be taken to an outside provider for surgery to address the aneurysm and provided additional medication to address his pain. He does not have a constitutional right to demand specific types of care, but the complaint can be read to allege that the treatment he is currently receiving is not adequately addressing his pain and the potential danger posed by the aneurysm. He will be allowed to proceed on an Eighth Amendment claim against the Warden in his official capacity for injunctive relief related to his ongoing need for medical treatment.

It can be inferred that Mr. Deane claims to be in need of injunctive relief while this case is pending, and because his filings must be given liberal construction, the court will treat his complaint as a request for a preliminary injunction. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, *by a clear showing*, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997) (emphasis in original). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance

of equities tips in his favor, and that an injunction is in the public interest." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 20 (2008).

On the first prong, "the applicant need not show that [he] definitely will win the case." *Illinois Republican Party v. Pritzker*, 973 F.3d 760, 763 (7th Cir. 2020). However, "a mere possibility of success is not enough." *Id.* at 762. "A strong showing . . . normally includes a demonstration of how the applicant proposes to prove the key elements of its case." *Id.* at 763 (quotation marks omitted). In assessing the merits, the court does not simply "accept [the plaintiff's] allegations as true" or "give him the benefit of all reasonable inferences in his favor, as would be the case in evaluating a motion to dismiss on the pleadings." *Doe v. Univ. of S. Indiana*, 43 F.4th 784, 791 (7th Cir. 2022). Instead, the court must endeavor to assess the merits as "they are likely to be decided after more complete discovery and litigation." *Id.*

On the second prong, "[i]ssuing a preliminary injunction based only on a possibility of irreparable harm is inconsistent with . . . injunctive relief as an extraordinary remedy that may only be awarded upon a clear showing that the plaintiff is entitled to such relief." *Winter*, 555 U.S. at 22. Mandatory preliminary injunctions—"those requiring an affirmative act by the defendant" like the one sought by Mr. Deane—are "cautiously viewed and sparingly issued." *Mays v. Dart*, 974 F.3d 810, 818 (7th Cir. 2020). Additionally, in the prison context, the court's ability to grant injunctive relief is limited. "[I]njunctive relief to remedy unconstitutional prison conditions must be narrowly drawn, extend no further than necessary to remedy the constitutional violation, and use the least intrusive means to correct the violation of the federal right."

6

*Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012) (citation and internal quotation marks omitted); *see also Rasho v. Jeffreys*, 22 F.4th 703, 711-13 (7th Cir. 2022) (outlining strict limitations on granting injunctive relief in correctional setting).

At present, the court only has Mr. Deane's version of events, and it is apparent that his medical providers have taken some steps to determine the cause of his pain. Based on the limited information before the court, it is difficult to make an accurate assessment of whether he has a likelihood of success on his claim that he is receiving care that is so substandard that it violates the Eighth Amendment. In light of these considerations, the court will order the Warden to respond before taking further action on his request for a preliminary injunction.

For these reasons, the court:

(1) GRANTS the plaintiff leave to proceed against the Warden of Indiana State Prison in his official capacity for injunctive relief related to his ongoing need for medical care for leg pain and an abdominal aortic aneurysm as required by the Eighth Amendment;

(2) GRANTS the plaintiff leave to proceed against Dr. Nancy Marthakis and Nurse Practitioner Diane Thews in their personal capacity for damages for deliberate indifference to his need for medical care to address leg pain and an abdominal aortic aneurysm in violation of the Eighth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk to separately docket the complaint (ECF 1) as a motion for a preliminary injunction;

(5) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) the Warden of Indiana State Prison at the Indiana Department of Correction and to send him a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(6) DIRECTS the clerk to fax or email a copy of the same documents to the Warden of Indiana State Prison at Indiana State Prison;

(7) DIRECTS the clerk to request a Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Dr. Nancy Marthakis and Nurse Practitioner Diane Thews at Centurion Health and to send them a copy of this order and the complaint (ECF 1) pursuant to 28 U.S.C. § 1915(d);

(8) ORDERS the Indiana Department of Correction and Centurion Health to provide the United States Marshal Service with the full name, date of birth, and last known home address of any defendant who does not waive service, to the extent such information is available;

(9) ORDERS the Warden of Indiana State Prison to file and serve a response to the plaintiff's motion for a preliminary injunction no later than **October 16, 2024**, with supporting documentation and declarations from staff as necessary, addressing the status of the plaintiff's current medical condition, what treatment he is receiving, and what additional treatment, if any, is contemplated; and

(10) ORDERS the Warden of Indiana State Prison, Dr. Nancy Marthakis, and Nurse Practitioner Diane Thews to respond, as provided for in the Federal Rules of

Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the plaintiff has been granted leave to proceed in this screening order.

SO ORDERED on September 17, 2024

/s/Gretchen S. Lund
JUDGE
UNITED STATES DISTRICT COURT